## LAMBERT *v.* BRISTER.

No. 39588 January 3, 1955 76 So. 2d 711

October 25, 1954 75 So. 2d 56

*E. A. Turnage, Ed Patterson,* Monticello, for appellant.

*Hammond & Pope,* Columbia, for appellee.

GILLESPIE, J.

An election was held May 4, 1954 in District Three of
Lawrence County, Mississippi, to elect a member of the
Board of Education pursuant to Chapter 10, Laws of

1953. Three candidates qualified. The results of the election, according to the manager's count and the canvass of the returns by the election commissioners, were: Lambert, appellant, 153; Brister, appellee, 152, and Howard, 98. Lambert was declared the winner. Brister contested the election, and the jury decided in his favor.

Five absentee ballots were voted in the Saulsberry box. These ballots, being of a distinctive color, were introduced in evidence — three were marked for Lambert, two for Howard, none for Brister. As each of the five absentee ballots were voted, Miller, one of the election managers, put in his pocket the envelopes upon which were the absentee voter affidavits. After the polls closed, the managers counted the votes, sealed the box, and Miller returned the ballot box to the circuit clerk. The next day, May 5, 1954, the election commissioners canvassed the returns and again the ballot box was sealed. Miller still had the absentee envelopes in his pocket. Miller kept the envelopes until May 22, 1954, when he took them to the circuit clerk and received a receipt therefor.

If the five absentee votes were invalid, Lambert would have deducted from his total three of said absentee votes, and the result of the election would be Lambert, 150, Brister, 152.

Section 3205-08, Mississippi Code of 1942, provides in part: "The absentee voter envelope when such absent voter ballot is voted, . . . shall be retained and preserved in the manner now provided by law for the retention and preservation of official ballots in such elections."

In the case of Sinclair v. Fortenberry, 213 Miss. 219, 56 So. 2d 697, the absentee envelopes at the Cedar Grove box were placed in a drawer at the polling place where they remained until the votes were counted and the ballot box sealed. Then they were discovered and were taken by the manager to the circuit clerk and were available to the county executive committee when the returns were

canvassed. We held that such irregularity in the handling of the envelopes with the statutory affidavits thereon was not of such serious nature as to require rejection of the ballots. In that case, the envelopes with the affidavits thereon were (1) at all times in official custody, and (2) were available for examination by the county executive committee when the returns were canvassed. In this case, when Miller returned the ballot box to the Circuit Clerk, his official status ended. Miller retained the envelopes in his pocket for eighteen days thereafter. The envelopes were not in official custody during that time. The election commissioners did not have available the five envelopes with affidavits thereon when they canvassed the returns on May 5, 1954.

■■■ The election commissioners should have rejected the five absentee ballots in the Saulsberry box. The statutory affidavits were not available; the integrity of the absentee votes had been destroyed. The votes were invalid. To hold otherwise would have the effect of writing out of Section 3205-08 the legislative requirements safeguarding the integrity of absentee ballots. ■■■ We held in Sinclair v. Fortenberry, supra, that the requirements of the last sentence of Section 3205-08 were mandatory, and not merely directory.

On the trial in the circuit court, appellee requested, and was refused, a peremptory instruction. It should have been given; but the jury found for appellee; and the judgment there was correct. The conclusions we have reached make it unnecessary to discuss the several assignments of error.

Affirmed.

*McGehee, C. J.,* and *Lee, Arrington,* and *Ethridge, JJ.,* concur.

588

HOLMES, J.

A motion is made by the appellee to advance this cause on the docket of this Court. The record discloses that the cause on its merits involves the question of the legality of an election held on May 4, 1954 in Lawrence County, Mississippi, for the election of a member of the county school board in Beat Three of said county, and we are of the opinion that the public interest is sufficiently concerned to warrant the advancement of this cause on the docket of this Court.

Accordingly, the motion to advance is sustained and the cause is set for December 13, 1954.

The appellant shall file his brief on or before November 13, 1954, and the appellee shall file his brief on or before December 3, 1954, and any rejoinder brief shall be filed no later than three days before the date fixed for hearing. The requirement for the filing of briefs is subject to such change as may be effected through agreement of counsel.

Motion to advance sustained and cause set for December 13, 1954.

*McGehee, C. J.,* and *Hall, Kyle,* and *Gillespie, JJ.,* concur.